IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN E. BRACAMONTE,                             No. CIV S-10-0503-CMK-P

      Plaintiff,

  vs.                                                              ORDER

A. WOHLERS,

      Defendant.

_____/

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint (Doc. 1).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne,

1

1  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied
2  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon
3  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must
4  allege with at least some degree of particularity overt acts by specific defendants which support
5  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is
6  impossible for the court to conduct the screening required by law when the allegations are vague
7  and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendant: Wohlers, "a Teacher in CAI LAB on A-Yard."  Plaintiff claims:

> On 10-27-09 my teacher on A-Yard (A. Wohlers) was unjust when she singled me out of the class of about 20 students and started calling me racial slurs such as nigger and dirty spick.  I filed a 602 inmate appeal on this issue which was falsely denied.  My teacher (A. Wohlers) constantly wrote bogus CDC 115's on me for actions that I had not even done.  I am attaching said 602 as #(1) Exhibit A.  Then on a separate date I filed a second 602 inmate appeal on (A. Wohlers) and the date of that appeal was 1-14-2010.  I again was at my assigned job position which is CAI Lab.  And on my lunch break I was having a personal discussion with another of my class mates and happened to cuss a couple of times.  Well my teacher (A. Wohlers) told me twice that she was giving me a direct order to go and sit with my nose in the corner, which is corporal punishment.  And that is a violation of both State and Federal law!!
>
> Due to her (A. Wohlers) actions and racial slurs towards me I have been under extreme stress, worry and have had some medical problems such as increased heart rate and weight loss.
>
> The second 602 inmate appeal was also falsely denied and that was on January 26, 2010, at the first level my an appeals coordinator who never gave their name.  I am attaching the second 602 as Exhibit (B).

23  / / /
24  / / /
25  / / /
26  / / /

## II.  DISCUSSION

At best, plaintiff's complaint suggests claims based on theories of retaliation and verbal harassment.

### Harassment

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.  Allegations of verbal harassment do not state a claim under the Eighth Amendment unless it is alleged that the harassment was "calculated to . . . cause [the prisoner] psychological damage." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended by 135 F.3d 1318 (9th Cir. 1998).

Here, plaintiff has not stated a claim for harassment because he does not allege that defendant's conduct was calculated to cause him psychological damage.

///

///

<u>Retaliation</u>

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See <u>Barnett v. Centoni</u>, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See <u>Pratt v. Rowland</u>, 65 F.3d 802, 807 (9th Cir. 1995); <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See <u>Resnick v. Hayes</u>, 213 F.3d 443, 449 (9th Cir. 2000), <u>see also</u> <u>Rhodes v. Robinson</u>, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See <u>Rhodes</u>, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in <u>Rhodes</u> observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect."  <u>Id.</u> at n.11.  By way of example, the court cited <u>Pratt</u> in which a retaliation claim had been decided without discussing chilling.  <u>See id.</u>  This citation is somewhat confusing in that the court in <u>Pratt</u> had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests.  See <u>Pratt</u>, 65 F.3d at 808-09.  Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," <u>id.</u> at 567-68, <u>see also</u> <u>Resnick</u>, 213 F.3d at 449, the comment in <u>Rhodes</u> at footnote 11 suggests that adverse action

1 | which is more than minimal satisfies this element.  Thus, if this reading of <u>Rhodes</u> is correct, the
2 | chilling effect element is essentially subsumed by adverse action.
3 |       Here, plaintiff does not state a claim for retaliation because he does not allege that
4 | defendant filed "bogus CDC 115's" against him because he engaged in protected activity.  In
5 | other words, while plaintiff states what defendant allegedly did, he does not allege the reason
6 | motivating such conduct.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See <u>Lopez v. Smith</u>, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 15-220.  An amended complaint must be complete in itself without reference to any prior pleading.  See <u>id.</u>

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

///

///

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See <u>Ferdik</u>, 963 F.2d at 1260-61; <u>see also</u> Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See <u>Nevijel v. North Coast Life Ins. Co.</u>, 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend; and

2. Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED: May 28, 2010

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE