IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN E. BRACAMONTE,             No. CIV S-10-0503-CMK-P

    Plaintiff,

  vs.                                  <u>ORDER</u>

A. WOHLERS,

    Defendant.

_____/

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action.

        On June 1, 2010, the court dismissed plaintiff's complaint and directed plaintiff to file an amended complaint within 30 days.  Plaintiff was warned that failure to comply could result in dismissal of the action.  Plaintiff failed to comply and, on July 23, 2010, the court directed plaintiff to show cause within 30 days why the action should not be dismissed.  Plaintiff responded by requesting an extension of time within which to file an amended complaint.  The request was granted on August 31, 2010, and plaintiff was provided an additional 30 days to file an amended complaint.  To date, plaintiff has not filed an amended complaint as directed.

1  The court must weigh five factors before imposing the harsh sanction of
2  dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.
3  U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's
4  interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)
5  the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on
6  their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,
7  46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an
8  appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.
9  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is
10 appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,
11 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to
12 comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,
13 1260-61 (9th Cir. 1992).
14  Having considered these factors, and in light of plaintiff's failure to prosecute this
15 action by filing an amended complaint, the court finds that dismissal is appropriate.
16  Accordingly, IT IS HEREBY ORDERED that:
17  1. This action is dismissed, without prejudice, for lack of prosecution and
18 failure to comply with court rules and orders; and
19  2. The Clerk of the Court is directed to enter judgment of dismissal and close
20 this file.

  DATED:  October 29, 2010

  _____
  **CRAIG M. KELLISON**
  UNITED STATES MAGISTRATE JUDGE